THE ATTORNEY GENERAL.
OF TEXAS
AUSTIN 11, TEXAS



GERALD C. MANN
XXXXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable Ralph Brock
County Attorney
Lubbock County
Lubbock, Texas

Dear Sir:

Opinion No  O-4879
Re:  Under the facts submitted is the
State Farm Fire Insurance Company
of Bloomington, Illinois, eligible
to write insurance upon the proper-
ties of the Lubbock Independent
School District?

Your letter of recent date requesting the opinion
of this department on the above stated question reads in part
as follows:

"I have been requested by Claude L. Hale,
County School Superintendent of Lubbock County,
Texas, to secure from your office an opinion as
to whether or not the State Farm Fire Insurance
Company of Bloomington, Illinois, is eligible
to write insurance upon the properties of the
Lubbock Independent School District.

"Under Article 4860A-8 of Vernon's Annotated
Civil Statutes, it provides that a mutual company
may write insurance upon such corporations as the
Lubbock Independent School District, however, in
the recent case of Lewis vs. Independent School
District of the city of Austin, et al, 161 S.W.
2nd, 450, the Supreme Court held that this Art-
icle was unconstitutional by reason of Section 52
of Article 3 of the Constitution of the State of
Texas.

"It is my understanding that the State Farm
Fire Insurance Company of Bloomington, Illinois,
is not a mutual but a stock company and operates
in Texas as an old line legal reserve stock com-
pany.  The State Farm Fire Insurance Company of
Bloomington, Illinois, is not to be confused with
the State Farm Mutual Automobile Insurance Company
and is an entirely separate company.

"I give you the above facts which is all the information I have regarding the State Farm Fire Insurance Company. It is my opinion that if the above State Farm Fire Insurance Company of Bloomington, Illinois, is not a mutual but an old line legal reserve stock company, it is eligible to write insurance on the properties of the Lubbock Independent School District, however, I have been requested to secure an opinion regarding same.

". . . ."

A representative of the State Insurance Department informs us that the State Farm Fire Insurance Company of Bloomington, Illinois, is an old line legal reserve stock company having a permit to do business in this State. As this company is not a mutual company the opinion of the Supreme Court in the case of Lewis vs. Independent School District of the City of Austin et al, 161 S.W. (2nd) 450, does not prohibit the company in question from writing insurance on the properties of the Lubbock Independent School District.

After a careful search of the statutes and constitutional provisions of this State we fail to find any statutory or constitutional provision prohibiting companies of the kind and class of the State Farm Fire Insurance Company of Bloomington, Illinois, from writing insurance on the kind of properties inquired about. As the above mentioned insurance company is a stock company and operates as an old line legal reserve stock company it is the opinion of this department that said company is eligible to write insurance on the properties of the Lubbock Independent School District.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

AW:mp:wc

APPROVED OCT 5, 1942        By s/Ardell Williams
s/Gerald C. Mann            Ardell Williams
ATTORNEY GENERAL OF TEXAS        Assistant

Approved Opinion Committee By s/ BWB Chairman